# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

RICHARD C.[1],

        Plaintiff,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant.

Case No. 3:20-cv-1614-SI

**OPINION AND ORDER**

Kevin Kerr, KERR ROBICHAUX & CARROLL, PO Box 14490, Portland, OR 97293. Of Attorneys
for Plaintiff.

Scott Erik Asphaug, Acting United States Attorney, and Renata Gowie, Civil Division Chief,
UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204;
Katherine B. Watson, Special Assistant United States Attorneys, OFFICE OF GENERAL COUNSEL,
Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104.
Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

        Plaintiff Richard C. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration (Commissioner) denying Plaintiff's application for Disability

---

[1] In the interest of privacy, this decision uses only the first name and the initial of the last
name of the non-governmental party in this case. When applicable, this decision uses the same
designation for a non-governmental party's immediate family members.

PAGE 1 – OPINION AND ORDER

Insurance Benefits (DIB) under Title II of the Social Security Act (Act). For the reasons below, the Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground on which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A.  Plaintiff's Application

Plaintiff applied for DIB on April 5, 2018, alleging disability beginning on

March 6, 2018. AR 76. Plaintiff's date of birth is March 10, 1967, and he was 50 years old as of

the alleged disability onset. AR 77. The agency denied Plaintiff's claim both initially and upon

reconsideration, and Plaintiff requested a hearing. AR 93, 99, 102. Plaintiff appeared for a

hearing before an ALJ in January 2020. AR 29. The ALJ issued a decision denying Plaintiff's

claim for benefits. AR 13-23. Plaintiff requested review of the ALJ's decision, which the

Appeals Council denied. AR 1. Accordingly, the ALJ's decision is the final decision of the

agency, and Plaintiff seeks judicial review of that decision.

### B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

> 1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
> §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
> significant mental or physical duties done or intended to be done for pay
> or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing
> such work, she is not disabled within the meaning of the Act. 20 C.F.R.
> §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing
> substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,

the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

As a preliminary step in Plaintiff's DIB claim, the ALJ found that Plaintiff met the

insured status requirements of the Act through December 31, 2023. AR 15. The ALJ then

proceeded to the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since March 6, 2018. *Id.* At step two, the ALJ determined that

Plaintiff had the following severe impairments: right elbow and wrist arthrosis/degenerative joint

disease and right carpal and cubital tunnel syndrome. AR 15. At step three, the ALJ determined

that Plaintiff does not have an impairment that meets or medically equals one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16. The ALJ next determined

Plaintiff's RFC and found that Plaintiff could perform:

> light work as defined in 20 CFR 404.1567(b) with exceptions. He
> is limited to lifting and carrying 20 pounds occasionally and ten
> pounds frequently. He is limited to standing and/or walking for a
> total of about six hours and sitting for a total of about six hours in
> an eight-hour workday, with normal breaks. He is limited to no
> climbing ladders, ropes and scaffolds. He is limited to occasional
> crawling. The claimant is right hand dominant and is limited to
> occasional lateral reaching with the right upper extremity. The

claimant is also limited to occasional handling with the right upper
extremity.

AR 18. Based on these limitations, at step four, the ALJ found that Plaintiff could not perform

any past relevant work. AR 21. At step five, the ALJ found that, considering Plaintiff's age,

education, work experience, and RFC, Plaintiff could perform jobs that exist in significant

numbers in the national economy, including counter clerk (18,000 jobs in the national economy)

and usher (20,000 jobs in the national economy). AR 22. The ALJ concluded that Plaintiff was

not disabled. AR 22.

## DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's step five finding

because evidence from Job Browser Pro shows there are only a total of 7,598 jobs available to

Plaintiff instead of the 48,000 jobs identified by the vocational expert (VE). The Commissioner

responds that the ALJ reasonably relied on the VE's testimony in finding that significant jobs

exist in the national economy that Plaintiff could perform.

At step five of the sequential analysis, the burden of proof rests with the Commissioner to

establish whether other work exists in the national economy that an individual of the claimant's

age, education, work experience, and RFC can perform. *See* 20 C.F.R. § 416.969; *Tackett*, 180

F.3d at 1099. In making this finding, an ALJ relies "primarily" on the Dictionary of

Occupational Titles (DOT) for information about the requirements of other work in the national

economy.[2] Social Security Ruling 00-4p. An ALJ may also rely on a VE as a source of

occupational evidence. *Id.*

---

[2] This includes the DOT's companion publication, the *Selected Characteristics of
Occupations Defined in the Revised Dictionary of Occupational Titles. See* U.S. Dep't of Labor,
SCO (U.S. Emp. And Training Admin., 1993).

A VE's testimony is "one type of job information that is regarded as inherently reliable." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). The VE's testimony is substantial evidence and no additional foundation beyond the VE's recognized expertise is required for the VE's testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). VE testimony, however, "is not incontestable." *Buck*, 869 F.3d at 1051. For example, a court cannot ignore "vast discrepanc[ies] between the VE's job number and those numbers tendered by [Plaintiff], presumably from the same source." *Id.* at 1052.

A court must consider the evidence the plaintiff presents to the Appeals Council. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) ("We hold that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."). "[A] claimant who wishes to challenge the factual basis of a VE's estimate of the number of available jobs in the regional and national economies must raise this challenge before administrative proceedings have concluded." *Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017); *see also id.* at 1108 (holding that the plaintiff had not preserved his challenge to the ALJ's reliance on the VE's job numbers because the plaintiff did not "cross-examine the VE as to the accuracy of those [numbers], or *challenge that accuracy before the Appeals Council*" (emphasis added)). A court must consider additional materials that the plaintiff did not present to the ALJ but did present to the Appeals Council even when the Appeals Council denied claimant's request for review. *Brewes*, 682 F.3d at 1159-60.

Because a VE's testimony is "one type of job information that is regarded as inherently reliable," *Buck*, 869 F.3d at 1051, substantial evidence supports an ALJ's findings about job numbers based on the VE's testimony when the plaintiff's only challenge to the VE's testimony is in the form of job-numbers data from a source different from the source relied on by the VE. *See, e.g.*, *Kremlingson v. Saul*, 800 Fed. App'x 531, 533 (9th Cir. 2020) (rejecting the plaintiff's challenge to the VE's job numbers and stating that the plaintiff "provided to the Appeals Council only her lay interpretation of various numbers she found online and of the vocational expert's data"); *Tracey Anne P. v. Kijakazi*, 2021 WL 4993021, at *11 (S.D. Cal. Oct. 27, 2021) (concluding that the plaintiff's "lay assessment" of jobs number data from Job Browser Pro did not undermine the reliability of the VE's assessment of U.S. Department of Labor and Job Browser Pro statistics); *James W. v. Comm'r of Soc. Sec.*, 2021 WL 3930701, at *3 (W.D. Wash. Sept. 2, 2021) (concluding that the plaintiff had not shown that "raw data purportedly obtained from Job Browser Pro" contained "the same data relied upon by the VE or that the VE's testimony [was] otherwise unreliable"); *Dickerson v. Saul*, 2021 WL 3832223, at *6 (D. Nev. Aug. 27, 2021) ("Plaintiff's assessment of the raw vocational data derived from Job Browser Pro and Occu-Collect does not undermine the reliability of the vocational expert's opinion . . . ."); *Solano v. Colvin*, 2013 WL 3776333, at *1 (C.D. Cal. July 16, 2013) (concluding that the plaintiff's data from a source not relied on by the VE did not undermine the reliability of the VE's testimony). When a plaintiff tenders vastly different job numbers from the same source as the VE, however, remand for the ALJ to address the inconsistency is warranted. *Buck*, 869 F.3d at 1052.

Here, Plaintiff presented job numbers data from a different source than what the VE used. Plaintiff submitted data from Job Browser Pro to the Appeals Council showing that as few

as 7,598 job existed in the national economy for Plaintiff. AR 234. The VE, however, relied on statistics from the Bureau of Labor to reach her number. AR 54. Plaintiff's data therefore does not undermine the inherent reliability of the VE's testimony. *See Buck*, 869 F.3d at 1051.

Plaintiff also contends that the "inaudible" portion of the VE's testimony documented in the hearing transcript renders her testimony unclear, and that the VE failed to provide an adequate description of how she determined the number of available jobs. The VE, however, did clearly state the number of jobs available to Plaintiff and disclosed that she used Bureau of Labor statistics to reach that number. *See* AR 52. In any event, the VE was not obligated to explain her methodology absent questioning on that issue by Plaintiff. *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."); *Valenzuela v. Colvin*, 2013 WL 2285232, at *3 (C.D. Cal. May 23, 2013) ("[N]either the ALJ nor the vocational expert was required to identify the methodology used to determine the jobs [P]laintiff can perform."). Plaintiff had ample opportunity to continue to cross-examine the VE about her methodologies during the hearing but chose not to. Because Plaintiff has not shown a discrepancy between available job numbers using the same source as the VE, substantial evidence supports the ALJ's step five finding.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 10th day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge